IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Christopher Bell, | ) | Cr. No. 1:08-730-MBS |
| | ) | |
| Movant, | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | **)** | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Christopher Bell ("Bell"), a prisoner proceeding *pro se*, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. FACTUAL AND PROCEDURAL BACKGROUND

By an indictment filed on July 17, 2008, Bell was charged in the United States District Court for the District of South Carolina on four drug-related counts. ECF No. 3. Count 1 charged Bell with conspiring to distribute and possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *Id.* Counts 6, 7, and 8 each charged Bell with distributing and possessing with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). *Id*.

On August 6, 2009, Bell signed a plea agreement and entered a plea of guilty to Count 1 of the Indictment. ECF No. 244. By judgment entered March 10, 2010, the court sentenced Bell to 380 months imprisonment. ECF No. 342. Bell timely appealed and the Government consented to a remand, which the Fourth Circuit granted on January 28, 2011. ECF No. 413.

On July 19, 2011, the grand jury returned a superseding indictment against Bell. ECF No. 457. The only change from the original indictment was that the threshold quantity of drugs

1

alleged in Count 1 was amended from 50 grams or more of cocaine base to 5 kilograms or more of cocaine and 280 grams or more of cocaine base. *Id*. Bell proceeded to trial on August 24, 2011 through August 26, 2011. ECF Nos. 508, 510, & 514. The jury returned a guilty verdict on all counts. ECF Nos. 514 & 522.

On February 6, 2012, the court sentenced Bell to 380 months imprisonment on Count 1 and 360 months imprisonment on Counts 6 through 8, all to run concurrently. ECF No. 546. Judgment was entered on February 8, 2012. ECF No. 553. The Fourth Circuit affirmed Bell's conviction and sentence on April 26, 2013. *See United States v. Bell*, 523 F. App'x 956 (4th Cir. 2013).

Bell timely filed the within § 2255 petition on October 8, 2014. ECF. No. 624. Bell raises the following grounds for relief: (1) ineffective assistance of counsel in violation of his Sixth Amendment rights; and (2) prosecutorial misconduct by knowingly using false testimony before the grand jury and the petit jury to support Bell's indictment and conviction. ECF No. 624-1 at 3-21. On November 10, 2014, the Government filed a response in opposition and a motion for summary judgment. ECF No. 633-34. Pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), the court issued an order on November 12, 2014, advising Bell of the summary judgment procedure and the possible consequences if he failed to respond adequately. ECF No. 635. Bell filed a reply to the Government's response on December 17, 2014. ECF No. 637.

On June 27, 2016, Bell filed Pro Se Motion to Preserve Rights and to any Applicable Law under *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 654. The Government filed a response in opposition on August 1, 2016, asserting that *Johnson* would not apply in the context of Bell's predicate drug offenses. ECF No. 661 at 1. The court issued a *Roseboro*

Order on August 8, 2016, advising Bell of the summary judgment procedure and the possible consequences if he failed to respond properly. ECF No. 662. No additional response has been filed.

## II. LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 56(a), this court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. The evidence presents a genuine issue of material fact if a "reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The facts and any inferences drawn from the facts should be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The party seeking summary judgment bears the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party makes this showing, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Id.*

## III. DISCUSSION

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.*

An evidentiary hearing is required under § 2255 unless it is clear from the pleadings, files, and records that a movant is not entitled to relief. *See United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000); *see also United States v. Magini*, 973 F.3d 261, 264 (4th Cir. 1992) ("When a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary."). However, "no [evidentiary] hearing is required if the [movant's] allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Jackson v. United States*, 638 F. Supp. 2d 514, 528 (W.D.N.C. 2009) (internal quotations omitted). Whether an evidentiary hearing is necessary, and whether a movant's presence is required, is left to "the common sense and sound discretion" of the district court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

Defendant raises a number of grounds under an ineffective assistance of counsel claim. To prove ineffective assistance of counsel, a movant must show that trial counsel's performance was deficient. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient when it is not reasonable under prevailing professional norms. *Id.* at 688. A movant also must demonstrate that he was prejudiced by trial counsel's alleged deficient performance, in that because of trial counsel's unprofessional errors, the result of the proceeding would have been different. *See id.* at 694. *Strickland* requires the movant to "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court then must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error

had no effect on the judgment." *Id*. at 692. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. *Id*. at 687.

**I. Movant's Claims of Ineffective Assistance of Counsel**

Bell contends that his trial counsel, Jeffrey Bloom (hereinafter "Bloom"), was constitutionally ineffective for: (1) failing to investigate and interview witnesses Connie Simpkins (hereinafter "Simpkins") and Glenwood Bettis (hereinafter "Bettis"), ECF No. 624-1 at 3; (2) failing to object to a Speedy Trial Violation, *id*. at 4; (3) failing to object to statute of limitations violation, *id.* at 5; (4) failure to move for judgment of acquittal based on insufficient evidence of drug quantity, insufficient evidence of participation in the conspiracy, and insufficient evidence of aiding and abetting, *id*. at 7-10; (5) failing to provide competent advice with respect to a plea offer, *id*. at 11; (6) failing to object to certain prior convictions being used at sentencing, *id*. at 13-15; and (7) failing to object to prosecutor's use of false testimony to obtain Bell's indictment, *see id*. at 16.

**A. Counsel's failure to Investigate Connie Simpkins and Glenwood Bettis.**

Bell argues that trial counsel Bloom was ineffective for failing to interview Simpkins and Bettis pretrial because their testimony would have established that Bell did not participate in a conspiracy to distribute or possess 5 kilograms or more of cocaine and 280 grams or more of cocaine base. ECF No. 624-1 at 3-4. Bell points to Simpkins' affidavit, in which Simpkins states that she was never involved in a drug conspiracy with Bell. ECF No. 624-2, Exhibit A, Affidavit of Connie Simpkins. However, Simpkins contradicted her affidavit at trial and placed Bell in the conspiracy. *See* ECF No. 572 at 95-98, Trial Transcript. Simpkins testified that she

was a runner for Bell, and took the money from customers to Bell in exchange for crack cocaine. *Id*. at 96-97.

Bell next argues that interviewing Bettis before trial would have established that Bell was not involved in the conspiracy. ECF No. 642-1 at 3-4. However, Bell is unable to point to any evidence or testimony Bettis would have offered to exonerate Bell from the conspiracy charges. To the contrary, Bettis testified at trial that he sold crack cocaine for Bell in exchange Bettis was able to continue his drug habit. ECF No. 572 at 137-38. Bloom's failure to interview these witnesses prior to trial would not have changed the results of the trial because their testimony at trial incriminated Bell.

**B. Counsel's failure to object to speedy trial violation.**

Bell claims that two speedy trial violations occurred as a result of missed deadlines, and that Bloom's failure to object to these violations amounted to ineffective assistance of counsel. Bell fails to show how this claimed ineffective assistance of counsel prejudiced him or changed the results of his trial. Further, the record shows that Bell consented to a continuance in this case from April 2011 to August 2011 to allow Bloom additional time to prepare for trial. *See* ECF No. 574 at 5, Pretrial Conference Transcript. Given that Bell has claimed no prejudice from this alleged inaction by Bloom, he cannot meet his burden with respect to *Strickland*.

**C. Counsel's failure to object to statute of limitations violation.**

Bell's next claim is that Bloom was ineffective for failing to object to the Government violating the five-year statute of limitations pursuant to 18 U.S.C. § 3282. ECF No. 624-1 at 5-6. Section 3282 states that no person shall be prosecuted or tried unless the indictment is found within five years after the offense shall have been committed. 18 U.S.C. § 3282. Bell

was indicted on July 19, 2011, which would make the statute of limitations period bar charges of crimes happening before July 19, 2006, five years earlier.

In Count 1 of the Superseding Indictment the Government alleged that Bell was a member of a conspiracy that "continued thereafter, up to and including July of 2008." *See* ECF No. 457. The trial testimony shows that Bell was a member of the conspiracy until at least into 2008, placing his involvement in the conspiracy well within the statute of limitations. ECF No. 572 at 158-63. In Counts 6-8 the Government charged possession with intent to distribute (PWID) a quantity of cocaine base offense, with each offense occurring on or about November 29, 2007, on or about January 10, 2008, and on or about May 1, 2008, respectively. *See* ECF No. 457. All of the controlled purchase offenses are well within five years of the Superseding Indictment as required by § 3282. Bell cannot show that there is a statute of limitations violation under § 3282, therefore, he cannot show that his attorney's failure to raise this issue prejudiced his defense in any way.

**D. Counsel's failure to move for acquittal.**

Bell's next claim is that Bloom was ineffective for not moving for judgment of acquittal based on: (1) insufficient evidence of drug quantity; (2) insufficient evidence of participation in the conspiracy; (3) and insufficient evidence of aiding and abetting. ECF No. 624-1 at 7-10. As for the first ground of insufficient evidence of drug quantity, Special Agent Matt Morlan testified at trial that Bell admitted during his initial interview that he had several people supply him with large quantities of drugs very often. *See* ECF No. 572 at 158-63. As for the second ground of insufficient evidence of participation in the conspiracy, the jury made specific findings that show the Government proved the threshold quantities were properly attributed to Bell. *See* ECF No. 522. Additionally, Bettis testified at trial that he worked for Bell for a period

of months at Bell's Aluminum Sliding Business and sold crack cocaine for Bell. *See* ECF No. 572 at 130, 131. Finally, the government presented evidence of aiding and abetting through testimony regarding three controlled purchases of crack cocaine made from Bell. *See* ECF No. 571 at 11-17. Due to the foregoing evidence of Bell's involvement in the drug conspiracy, Bell cannot show that Bloom's failure to raise these specific post-trial motions was beyond the *Strickland* standard of "reasonable professional judgment." *See Strickland* at 694.

### E. Ineffective counsel during plea negotiations.

Bell's next claim is that Bloom was ineffective for failing to provide competent advice with respect to a plea offer. ECF No. 624-1 at 11. In *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1789 (2012), the Supreme Court held that where a defendant rejects a plea bargain upon the erroneous advice of counsel and is convicted at trial, prejudice is shown if the loss of the plea opportunity led to a trial resulting in a conviction on a more serious charge or the imposition of a more severe sentence.

Bell argues that the Government offered him a plea deal that would have removed the 21 U.S.C. § 851 enhancements and dismissed counts 6-8. ECF No. 624-1 at 11. Section 851 provides a statutory enhancement for prior convictions for a felony drug offense in the event that the government files an appropriate information. The Government filed an information on July 15, 2011. ECF No. 450. Bell asserts that according to the Governments' plea offer, the Government offered to withdraw the notice of information under 21 U.S.C. § 851. ECF No. 624-1 at 11. According to Bell, his minimum sentence would have been as low as 10 years. *Id*. Although the Government does not concede that this was its offer, the Government states that even assuming that it did make the offer, Bell has not shown any prejudice in that "the loss of

the plea opportunity led to a trial resulting in a conviction on a more serious charge or the imposition of a more severe sentence." ECF No. 633 at 17.

Notwithstanding the existence of the plea offer, the § 851 enhancements do not affect Bell's guideline range. Regardless of whether Bell's prior convictions warranted an increased statutory range, they were still included under Bell's guideline range calculations. Under the United States Sentencing Guidelines, Bell's total offense level would still be 43 and his criminal history category would remain a category IV, which results in a guideline range of 360 months to life. Therefore, even if the Government did dismiss Counts 6 through 8 and withdraw the § 851 enhancements, the guideline range for Bell would be 360 months to life. Bell was sentenced to 380 months. Bell has not shown that he was subjected to a more serious charge or a more severe sentence.

### F. Ineffective counsel at sentencing.

Bell's next claim is that his counsel was ineffective for failing to object to the United States Probation Office ("USPO") using certain prior convictions as a basis for qualifying Bell as a "career offender" pursuant to U.S.S.G. § 4B1.1.

#### 1. Suspended Sentence

Bell claims that his counsel was ineffective for failing to object to the USPO's use of his prior suspended sentence in the guideline calculations. ECF No. 624-1 at 13. Bell was convicted of distributing crack cocaine within the proximity of a public park on January 16, 1997, and sentenced to ten years imprisonment; however, that sentence was suspended to three years probation. ECF No. 624-4, Exhibit D; ECF No. 624-5, Exhibit E. Bell argues that, according to U.S.S.G. § 4A1.2(b)(2), a suspended sentence does not qualify as a sentence of imprisonment, and therefore, it cannot be used to make him a career offender. ECF No. 624-1

at 13. However, Bell's suspended sentence was revoked at a revocation hearing on April 14, 2000, and he was sentenced to one year imprisonment. *See* ECF No. 624-5, Exhibit E.

Bell relies on *United States v. Romary*, 246 F.3d 339 (4th Cir. 2001) to argue that his prior sentence in 1997 did not result in a sentence of imprisonment and should not count as a prior felony drug conviction for career offender purposes. His reliance is misplaced because the Fourth Circuit held in *Romary* that when a suspended sentence is revoked and defendants are resentenced to imprisonment, the new sentencing is attributed to the original conviction for purposes of the Sentencing Guidelines and for career offender status. *Id.* at 343. Here, Bell's suspended sentence was revoked at a revocation hearing, and he was sentenced to one year imprisonment. *See* ECF No. 624-5, Exhibit E. Therefore, that one year sentence is attributed to the January 16, 1997 conviction, and because it is within 10 years of the start of the conspiracy in 1999, the charge was properly used to calculate Bell's criminal history. Under the *Strickland* standard of reasonable professional judgment, Bloom did not act unreasonably in failing to object.

### 2. Controlled Substance Offense

Bell also claims that Bloom was ineffective for failing to argue that his January 16, 1997, conviction for distributing crack cocaine near a public park and his conviction on August 6, 1998, for possession with intent to distribute crack cocaine near a school, were not "controlled substance" offenses under § 4B1.2 of the USSG. ECF No. 624-1 at 14. South Carolina Code Ann. § 44-53-370 states: it shall be unlawful for any person: (1) "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled

substance analogue; or (2) to create, distribute, dispense, deliver, or purchase, or aid, abet, attempt, or conspire to create, distribute, dispense, deliver, or purchase, or possess with intent to distribute, dispense, deliver, or purchase a counterfeit substance. U.S.S.G. § 4B1.2(b) states:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

A violation of either S.C. Code Ann. § 44-53-370(1) or (2) meets the definition of a controlled substance offense under U.S.S.G. § 4B1.2(b). Bell has two prior drug convictions that qualify as controlled substance offenses: (1) Bell's 1997 conviction for distributing crack cocaine within the proximity of a public playground, ECF No. 624-5, Exhibit E; and (2) Bell's 1998 conviction for possession with intent to distribute crack cocaine near a school. *Id*. Accordingly, Bell cannot show that Bloom was ineffective on this issue.

### 3. § 851 Colloquy

Bell also argues that Bloom's failure to object to the court's non-compliance with 21 U.S.C. § 851(b)[1] enhancement provisions at sentencing resulted in ineffective assistance of counsel. ECF No. 624-1 at 15. Specifically, Bell argues that the court should have given him a chance to challenge the prior conviction for possession with intent to distribute crack cocaine near a school. ECF No. 624-1 at 16. He claims Bloom should have objected to the § 851 enhancement because he was never convicted of that offense. *Id*. at 15-16. Bell instead plead

---

[1] The statute provides that "if the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."

guilty to and was sentenced for distribution of a controlled substance within proximity of a public playground on August 6, 1998. *See* ECF No. 624-1, Exhibit E, State Court Sentence.

"Even if there are errors in the § 851 information, '[i]f the defendant, reading the information in context, will have no trouble understanding which prior conviction the prosecutor means to identify, the information then has stat[ed] . . . the previous convictions, and the statutory purpose of providing defendant notice has been satisfied." *United States v. Houser*, 147 F. App'x 357, 359 (4th Cir. 2005) (internal citations omitted). Bell received notice of the §851 enhancement on July 15, 2011. ECF No. 450. The challenged prior drug offense was also included in the presentence report under the discussion of Bell's criminal history, yet Bell made no objections to the validity of the conviction. At sentencing, Bell objected to his career offender classification, use of trial testimony of witnesses, and requested that the two prior drug convictions be treated as one offense based on the unusual sequence of events leading up to his conviction. ECF No. 587 at 41, 56-63. Bell, however, did not object on the grounds that he was never convicted of those offenses. *Id*.

In addition, the court made clear at sentencing that Bell faced a statutory minimum sentence and had a USSG range of 360 months to life imprisonment. ECF No. 587 at 102. The court sentenced Bell to 360 months in accordance with his USSG range and did not rely on the § 851 information. Before the pronouncement of his sentence, the court gave Bell an opportunity to address the court. *Id*. at 104. Bell did not object to the validity of his prior conviction, instead Bell had questions with respect to the appeal process. *Id*. at 104-105. Therefore, Bell has failed to demonstrate prejudice or ineffective assistance of counsel.

## II. Movants Claims of Prosecutor Misconduct

### A. False Testimony

Bell also claims that the prosecutor "knowingly used false testimony to obtain Bell's Superseding indictment and conviction in violation of *Napue v. Illinois*, 360 U.S. 264 (1959)," and his counsel Bloom was ineffective for failing to object. ECF No. 624-1 at 16-18. Bell must show that the prosecutors' misconduct "so infect[ed] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Bell states that the Government falsely presented testimony and evidence at Bell's grand and petit jury in order to obtain Bell's indictment. ECF No. 624-1 at 16. Specifically, Bell states that the Government's testimony and evidence that he was the principle in the conspiracy, which started in 1999 was false because he was incarcerated from 1998 through 2001. *Id.* at 17.

The issue for the jury was whether Bell joined the conspiracy during the period alleged in the Superseding Indictment. The jury determined that he did and weighed the credibility of the witnesses. Bell has failed to provide any evidence to warrant overturning the jury's verdict. As such, he has not shown that Bloom's failure to object fell below an objective standard of reasonableness. Bell has not met his burden under *Strickland*.

### B. Constructive Amendment/Perjury

Finally, Bell argues that the Government committed perjury before the court. ECF No. 624-1 at 18-20. Bell claims that the prosecutor statements that he would use the exact same information that was presented before the initial grand jury to obtain Bell's Superseding Indictment was perjury. *Id.* at 18. According to Bell, the prosecutor used new information to obtain the Superseding Indictment. ECF No. 624-1 at 19-20.

It appears Bell is asserting these claims independently from his ineffective assistance of counsel claims. If so, the court finds that these claims should have been brought on direct appeal before the Fourth Circuit. *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) ("In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.").

Assuming that Bell seeks to assert ineffective assistance of counsel on the basis of constructive amendment and perjury. Perjury is defined as: whoever, having taken an oath before a tribunal, that he will not state any material matter which he does not believe to be true. 18 U.S.C. § 1621. According to the trial transcript, the prosecutor did not say he would confine the information in the superseding indictment to the information used at the original indictment, instead, the prosecutor stated that the evidence in both indictments was substantially the same. *See* ECF No. 582 at 6-7. Bell has not shown that the prosecutor committed perjury. Therefore, Bell has failed to demonstrate ineffective assistance of counsel.

Further, Bell argues that the Superseding Indictment became a constructive amendment. ECF No. 624-1 at 19-20. The Fourth Circuit held in *United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994), that "a constructive amendment to an indictment occurs when either the government (usually during its presentation of evidence and/or its argument), the court (usually through its instructions to the jury), or both, broadens the possible bases for conviction beyond those presented by the grand jury." *See also Stirone v. United States*, 361 U.S. 212, 218-19 (1960) (noting that a constructive amendment occurs when the essential

elements of the offense are modified to the extent that a defendant is convicted on a charge that the grand jury never made against him). Bell has not shown any evidence that the essential elements of the offenses charged against him were modified at trial, and therefore, cannot show that the Superseding Indictment was a constructive amendment. Accordingly, Bell has failed to demonstrate ineffective assistance of counsel on this claim.

### IV.     Motion To Preserve Rights Under *Johnson v. United States*

Bell supplemented his § 2255 motion to preserve his rights to any applicable law under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[2] In *Johnson*, the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a "serious drug offense" or "violent felony." *Johnson,* 135 S. Ct. at 2551. The Supreme Court in *Johnson* held that a portion of the ACCA, specifically as it relates to the term "violent felony" and the language known as the residual clause in its definition – i.e., "or otherwise involves conduct that presents a serious potential risk of physical injury to another" – is unconstitutionally vague. *Id*. at 2563 (citing 18 U.S.C. § 924(e)(2)(B)(ii)).

Bell was sentenced as a career offender under USSG § 4B1.1. Under the Sentencing Guidelines, a career offender's status may rest on prior controlled substance offenses or crimes of violence. USSG § 4B1.1. Bell had two predicate convictions that subjected him to the career offender enhancement and both are "controlled substance offenses." Under USSG § 4B1.2(b), "the term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture,

---

[2] The Supreme Court made *Johnson* retroactive on collateral review in *Welch v. United States*, 135 S. Ct. 1257 (2016).

import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.'" The definition of 'controlled substance offense' does not contain a residual clause. Thus, *Johnson* is inapplicable because Bell's sentence was enhanced under the "controlled substance offense" clause of § 4B1.1, not the "crimes of violence" clause to which the "violent felony" residual clause exclusively applies. *Johnson* is strictly limited to the constitutionality of the residual clause's 'violent felony' definition not convictions based on drug offenses. Therefore, Bell is not entitled to relief and is unaffected by *Johnson*.

## V. CONCULUSION

For the foregoing reasons, Bell's motion to vacate set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 624) is **Denied**. Bell's alternative request for an evidentiary hearing (ECF No. 624) is **Denied**. *See* 28 U.S.C. § 2255(b). Bell's motion to produce grand jury minutes (ECF No. 616) is **Denied**. *See United States v. Henderson*, 532 F. App'x 381, 384 (4th Cir. 2013) ("[T]o obtain grand jury transcripts, an applicant must demonstrate a 'strong showing of particularized need.'"). Bell's motion to preserve rights under *Johnson v. United States* (ECF No. 654) is **Denied**. The Government's motion for summary judgment (ECF No. 634) is **Granted.**

## VI. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by

the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing. Accordingly, the court denies a certificate of appealability.

**IT IS SO ORDERED.**

       /s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Dated: March 29, 2018
Columbia, South Carolina